IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


LORETTA HERBERT,

    Plaintiff,

v.                                                                               Civ. No. 19-1169 KRS/GBW

DIALYSIS CLINIC, INC.,

    Defendant.

## INITIAL SCHEDULING ORDER

This case is assigned to me for scheduling, case management, discovery and other non-dispositive motions. The Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court will apply to this lawsuit.

The parties, appearing through counsel or *pro se*, will "meet and confer" no later than **January 20, 2020**, to formulate a provisional discovery plan. Fed. R. Civ. P. 26(f). The time allowed for discovery is generally 120 to 180 days. In formulating the discovery plan, counsel and *pro se* parties should discuss the topics on which discovery may be needed, as well as the preferred length and nature of the discovery period (i.e., whether discovery should be conducted in bifurcated phases or limited to particular issues).

During the meet-and-confer session, the parties should also discuss: (1) the exchange of initial disclosures pursuant to Rule 26(a)(1); (2) the nature and bases of

their claims and defenses; (3) all facts and law pertaining to the case to which the parties are willing to stipulate; and (4) the possibility of settlement.

Following the meet-and-confer session, the parties will cooperate in preparing a *Joint Status Report and Provisional Discovery Plan ("JSR")* that follows the sample JSR available at the Court's website.[1] The blanks for suggested/proposed dates are to be filled in by the parties. Actual dates will be promulgated by order of the court shortly after entry of the JSR. Plaintiff, or Defendant in removed cases, is responsible for filing the JSR by **January 27, 2020**. Good cause must be shown and the Court's express and written approval obtained for any modification of the dates in the scheduling order that issue from the JSR.

Initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made within fourteen (14) days of the meet-and-confer session.

A Rule 16 scheduling conference will be conducted by telephone on **February 10, 2020, at 2:00 p.m**. Parties shall call Judge Wormuth's teleconference line at **(877) 402-9753, access code 7578461** to be connected to the proceedings.

At the Rule 16 scheduling conference, counsel will be prepared to discuss discovery needs and scheduling, all claims and defenses, the use of scientific evidence and whether a *Daubert*[2] hearing is needed, initial disclosures, and the time of expert

---

[1] Please visit the Court's website at www.nmd.uscourts.gov/forms to download the standardized *Joint Status Report and Provisional Discovery Plan* form.
[2] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

disclosures and reports under Fed. R. Civ. P. 26(a)(2).  We will also discuss settlement prospects and alternative dispute resolution possibilities and consideration of consent pursuant to 28 U.S.C. § 636(c).  Client attendance is not required.

Plaintiff, appearing through counsel or *pro se*, is responsible for notifying any unserved parties—or parties that have been served but have not yet entered an appearance in this matter—of the content of this order.

Pre-trial practice in this case shall be in accordance with the foregoing and with the rules laid out in Judge Wormuth's court website page.  Counsel are directed to familiarize themselves with those rules found at https://www.nmd.uscourts.gov/content/honorable-gregory-b-wormuth under the tabs labelled "Rules and Courtroom Decorum for All Cases" and "Procedures for Civil Discovery and Settlement Matters."

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE